UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THE POTENTATE OF THE HOUSE OF           PETITIONER
AHAROWN SANCTUARY:
AMBASSADOR AT LARGE:
ABIYAH HABIN YAH (HA BINYAH)
EX REL:  PAUL SMITH

v.                                      CIVIL ACTION NO. 3:17CV-P20-JHM

THE COMMONWEALTH OF KENTUCKY
14TH AMENDMENT CITIZENSHIP BENEFIT *et al.*           RESPONDENTS

## MEMORANDUM OPINION

Petitioner, "The Potentate Of The House Of Aharown Sanctuary: Ambassador at large:[1] Abiyah Habin Yah (Ha Binyah) ex rel:  Paul Smith," filed a *pro se* Petition for "Declaratory Judgement Pursuant To:  Title 28 U.S.C. § 2201-2 and Article III, section 2 of the United States of America Constitution with Title 8 U.S.C. Aliens and Nationality" (DN 1).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  For the reasons that follow, the Court lacks subject-matter jurisdiction over this action.

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)

---

[1] Petitioner states:

> I, Ambassador Abiyah Habin Yah and My Offspring, are Free Israelite Nationals of the Lawi Tribe within The de jure Kingdom of the Nation of Yahweh and all of its Territories including the lands of Our Forefathers (Abraham, Isaac and Jacob) the land of Canaan, North America, Central America and South America By Birthrights, Primogeniture, and Inheritance.  We are Aboriginals, Indigenous and de jure to North, Central and South America.

(citation omitted).  And this Court is not required to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In his petition, as Respondents, Petitioner names "The Commonwealth of Kentucky 14th Amendment Citizenship Benefit" and "Paul Smith."  He asks the Court for a declaratory judgment "to terminate the 'actual controversy' as to my Name, Nationality and Political status, in which is being challenged by the Commonwealth of Kentucky and Honorable Judge M. Shakes in which Jurisdiction, Subject-matter, Personam and extra territorily is being adjudicated upon my Person and Ambassador at large status."  He states that a declaratory judgment "as to my status would definitely end the 'actual controversy' as to Jurisdiction and citizenship in which the current state proceedings of alleged criminal actions are being tried."  He claims that "the prepondence of the evidence clearly shows that I am not Paul Smith, PAUL SMITH or any derivitive thereof of United States citizen or a resident of any state of the Union[.]"  Petitioner additionally asks for a "Declaration of status (legal/Private)," "of Non-U.S. Citizenship – Alien/Foreign birth," of Native American nationality of the Law tribe"; for "Diplomatic immunity as an Ambassador at large"; and for the Court to "Declare the proper venue of criminal proceedings pursuant to Article II section 2 and Title 28 U.S.C. 1251 original Jurisdiction of Alien, Foreign and diplomatic status."

Title 28 of the United States Code, section 2201 (the Declaratory Judgment Act) is an "enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant" to have a case heard in federal court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); *Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). It does not provide an independent basis for federal jurisdiction. *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles Cty., Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992) (per curiam). Before invoking the Declaratory Judgment Act, a federal court must "have jurisdiction already" under some other federal statute. *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). In short, Petitioner cannot invoke the Declaratory Judgment Act as the basis of this Court's jurisdiction.

Petitioner also cites to Article III, section 2, which provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2, cl. 1. Further, under 28 U.S.C. § 1251, also referenced by Petitioner:

> (a) The Supreme Court shall have original and exclusive jurisdiction of all controversies between two or more States.
>
> (b) The Supreme Court shall have original but not exclusive jurisdiction of:
>
> (1) All actions or proceedings to which ambassadors, other public ministers, consuls, or vice consuls of foreign states are parties;

(2) All controversies between the United States and a State;

(3) All actions or proceedings by a State against the citizens of another State or against aliens.

Petitioner fails to show how these constitutional and statutory provisions apply to his self-proclaimed status as an "ambassador-at-large" to invoke the subject-matter jurisdiction of this Court.

Finally, Petitioner cites to "Title 8 U.S.C. Aliens and Nationality." Title 8, however, contains numerous chapters, subchapters, and sections thereunder, and many of those provisions have either been repealed or transferred to other Titles. Petitioner's general reference to "Title 8 U.S.C. Aliens and Nationality," therefore, is insufficient to invoke this Court's subject-matter jurisdiction.

Accordingly, for the foregoing reasons, the action will be dismissed by separate Order for lack of subject-matter jurisdiction.

Date: June 15, 2017

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Petitioner, *pro se*
4414.005

4